Newman v. Warner.

GEORGE K. NEWMAN

v.

JOHN W. WARNER et al.

A testator gave the use of all his estate to his widow for life, and gave to complainant, among others, a pecuniary legacy, payable after the widow's death. He appointed his widow and another person executors, and they are both dead. Administrators *cum testamento annexo* were appointed, and in a suit in this court against the widow's executor he was ordered to pay them certain moneys and to deliver certain securities, and they were also ordered to settle their final account in the orphans court. They have done nothing whatever, owing to disagreements among themselves.—*Held*, that, while this court could not remove them, it could compel them to account here, with a view to the payment of complainant's legacy, and to execute the other trusts of the will.

Bill for a legacy.

*Mr. C. D. Thompson*, for complainant.

THE CHANCELLOR.

The bill is filed by a legatee under the will of George Konkle, deceased, against his daughter, Mrs. Harriet Warner, and her husband, John W. Warner, as administrators *de bonis non cum testamento annexo* of his estate, and others. Its object is to compel payment of the complainant's legacy. The bill states that

the testator died in 1868; that by the will the use of all his
property was given to his widow for life; that his widow and
Nathan Roe were his executors; that the widow survived her
co-executor; that she died in 1877; that after her death and in
May, 1878, the administrators were appointed; that they brought
suit in this court against her executor to recover property alleged
to belong to the estate of their testator, and were successful;
that by a decree of this court in that cause, made in February,
1881, her executor was ordered to pay to them certain moneys,
and to deliver to them certain securities to be administered by
them, and that it was thereby also ordered that they make their
final account and settlement of the estate in the Sussex orphans
court. The bill further states that the administrators have never
collected any of the money, nor received the securities, or any
of them, which were awarded to them by the decree, nor made
any effort in that direction; that there are in the hands of the
widow's executor, due to and receivable by the administrators,
the sum of $1,860.16 in money, and securities to the amount of
$5,645 and interest, more than enough to pay the general lega-
cies, which are only $1,000, besides interest; and that the com-
plainant has tendered a refunding bond and demanded payment
of his legacy, but in vain. The bill prays that the administra-
tors may be removed from their office, or that the widow's ex-
ecutor may be decreed to pay the complainant's legacy, and be
credited with the amount paid on the money due from him to
the administrators, and there is a prayer for general relief.
There is no answer. By the proofs, it appears that the admin-
istrators are prevented from settling the estate by their disagree-
ment with each other. By his will, George Konkle gave to his
son Peter and his grandson, the complainant, each $500, payable
in one year after the death of his widow, and after deducting
those legacies, he gave half of the residue to Mrs. Warner, and
directed that the other half be invested and the interest paid to his
daughter, Lauretta McCann, during the lifetime of her husband,
with directions that if she should survive her husband, the prin-
cipal be paid to her on his death; but if she should not survive
him, then that, on her death, the principal be divided among her

children.   Mrs. McCann and her husband are both alive.   It appears by the proofs that the administrators have never filed any inventory, nor taken any action in reference to the estate, since they were appointed.   It also appears that the widow's executor is, and has been, ready to comply with the decree before mentioned.   The decree that the administrators account and settle in the Sussex orphans court was a mere direction that they settle there instead of here.   This court cannot remove them from their office.   *Leddel's Exr.* v. *Starr, 4 C. E. Gr. 159*. But it may compel them to account, with a view to the payment of the complainant's legacy and the investment of that of Mrs. McCann.   No misconduct is charged in the bill, except the failure to get the money and securities awarded to them by the decree.   Their testator has been dead about thirteen years.   There are probably no debts due from his estate, and nothing remains to be done but to collect the assets and distribute them according to the directions of the will.   They make no answer, and give no reason why they should not be decreed to pay the complainant's legacy.   But it appears that they have not, in fact, because of their disagreement, got the money and securities from the widow's executor, and it does not appear that there are any other assets.   There will be an order that they proceed to collect the assets and settle their accounts in this court.